IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


HUBERT BABB,

    Plaintiff,

vs.                                              Case No. 4:11cv418-WS/WCS

GOVERNOR RICK SCOTT,

    Defendant.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint, doc. 1, and a motion to proceed *in forma pauperis*, doc. 2. The motion has been granted in a separate order, and Plaintiff's complaint has been reviewed.

Plaintiff's prior litigation has been reviewed and has been compared with the listing of cases in Plaintiff's civil rights complaint, doc. 1. In the complaint, Plaintiff lists several cases but also states: "Plaintiff lost possession of all documents related to these claims several years ago and other than the case numbers all the above information is from memory and could be inaccurate as far as even what years they were filed . . . ."

Doc. 1, p. 7.  Plaintiff says that he is "also unsure whether or not he has recalled all civil cases."  *Id.*

Plaintiff has not listed all prior cases he has filed.  Moreover, Plaintiff should be well aware from the number of prior cases that he is *obligated* to keep a list of his prior litigation.  If Plaintiff has lost his list of cases, then Plaintiff should have made efforts in the last "several years" to obtain that information.  Plaintiff is not excused from completing the complaint form correctly and honestly by asserting he cannot remember.

Plaintiff listed the following cases having been filed in federal court: case numbers 3:04cv453, 3:98cv358, 4:00cv368, and an "unknown" case filed in the Gainesville Division which Plaintiff contends was dismissed on his notice of withdrawal.  Doc. 1, pp. 4-7.  Plaintiff also indicates he voluntarily dismissed case 3:98cv358 and 4:00cv368, which is partially correct.  *Id.*, at 6-7.  Case 3:98cv358 was not dismissed on Plaintiff's voluntary dismissal, but was dismissed for Plaintiff's failure to prosecute and file an amended complaint.[1]  However, Plaintiff did voluntarily dismiss case 4:00cv368.

Plaintiff indicates on the complaint form that he filed case 3:04cv453 and reports it was dismissed "COA to Eleventh Circuit."  *Id.*, at 5.  That case was a § 2254 petition, which was denied, and on appeal, the Eleventh Circuit also denied relief.  Doc. 56, case 3:04cv453.

---

[1] Dismissal for failure to comply with court orders has been held to be abuse of the judicial process.  See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir.), *cert. denied* 510 U.S. 863 (1993) (NO. 93-80) (noting that an attorney's failure to comply with two court orders, *inter alia*, was "bad faith and willful abuse of the judicial process"); Huffine v. United States, 25 Cl.Ct. 462 (Cl. Ct. 1992).

Case No. 4:11cv418-WS/WCS

Plaintiff lists only one case, 1:01cv21, as having been dismissed as "frivolous/failed to state claim," *Id.*, at 7, and Plaintiff discloses having filed only five total cases, although he only provides four case numbers. That is not accurate.

Plaintiff initiated eight prior cases in this Court. Plaintiff failed to list cases 3:10cv205, 3:92cv30227 (§ 2254 habeas), 3:97cv135 (§ 2254 habeas), and 4:07cv468. Case 3:10cv205 was a case Plaintiff attempted to remove to this Court from state court in June, 2010. It was dismissed just a few days later because removal was "legally improper." Doc. 6, case 3:10cv205. Plaintiff's *in forma pauperis* motion was granted only for the limited purpose of immediate dismissal. *Id.* Plaintiff voluntarily dismissed case 4:07cv468 on his own motion.

Furthermore, Plaintiff improperly listed case 1:01cv21 as being dismissed as frivolous. In that case, summary judgment was granted in favor of Defendants and against Plaintiff on March 30, 2005. However, Plaintiff's appeal was dismissed as frivolous by the Eleventh Circuit on November 4, 2005. Doc. 158, case 1:01cv21. That counts as one strike under 28 U.S.C. § 1915(g).

It could be recommended that this case be dismissed for Plaintiff's failure to honestly disclose all prior cases. When a case is dismissed on that basis, a strike is imposed for abuse of the judicial process. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). Plaintiff should heed this caution in any future case he should file. Plaintiff should also retain this list of his cases provided above, to include them in any case he may file in the future.

In this case, however, there is no need to dismiss for failure to make full disclosure of all Plaintiff's prior cases because review of the merits of the complaint

reveals the case should be dismissed for failure to state a claim. Plaintiff contends that his due process rights are violated when the District Courts of Appeal in the State of Florida issue "per curiam" opinions denying appeals or affirming lower court decisions. Doc. 1, p. 8. Plaintiff contends that over a nine year period, his appeals to the Florida Supreme Court have been "blocked" "by 'per curiam' denials without written legal justification for the denials . . . ." *Id.*, at 9. Thus, construed liberally, Plaintiff claims that his due process rights are violated by per curiam decisions, and he also contends that those per curiam decisions violate his First Amendment right of access to the Florida Supreme Court. *Id.*, at 13. Plaintiff seeks a declaratory judgment.

On pages 11 and 12 of the complaint, Plaintiff lists criminal and civil actions in which his appeals or petitions for mandamus ended at the district courts of appeal with per curiam opinions. Doc. 1. Plaintiff also notes cases in which he attempted to appeal to the Florida Supreme Court but was denied an appeal on the basis that the Court has "no jurisdiction of case that was per curiam denied by First DCA." *Id.*, at 11. Plaintiff does not list a case currently pending. It is, accordingly, not clear that Plaintiff meets Article III's "case or controversy requirement." Camreta v. Greene, 131 S.Ct. 2020, 2028-29 (U.S. May 26, 2011). Under Article III, a plaintiff "must show that he has 'suffered an injury in fact' that is caused by 'the conduct complained of' and that 'will be redressed by a favorable decision.' " Camreta, 131 S.Ct. at 2028, *quoting* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted); *see also* Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (examining whether the plaintiff had shown "a sufficient likelihood that he will again be wronged in a similar way"). This requires a

plaintiff to show not only that he suffered injury in the past, but that he is again " 'in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " Los Angeles, 461 U.S. at 102, 103 S.Ct. at 1665 (other citations omitted). Plaintiff has not shown that he will again be subject to such an appellate decision. However, to the degree that fact may be assumed by Plaintiff's frequent litigation history and the fact that the intermediate courts of appeal in Florida often issue per curiam opinions, Plaintiff's claim still fails on the merits.

Plaintiff cannot state a viable claim that a per curiam decision denies Plaintiff the right to due process. Due process exists to protect a liberty interest. *See* Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). No federal constitutional right exists either to pursue an appeal or to have an appeal in state court resolved by issuance of a full written opinion. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987). The United States Supreme Court has explained:

> An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review. A citation of authorities upon the point is unnecessary.

McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 914, 38 L.Ed. 867 (1894), *quoted in* Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 32, 107 S.Ct. 1519, 1537 (1987) (Stevens, J. concurring); *see also* Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The source of Plaintiff's due process claim, therefore, rests on state law.

Under Florida Rule of Appellate Procedure 9.315, an appellate court "may summarily affirm the order to be reviewed if the court finds that no preliminary basis for reversal has been demonstrated." Florida law does not provide Plaintiff with the right to a full written opinion. Therefore, Plaintiff's due process rights are not violated by per curiam decisions of appellate courts.

Furthermore, such a decision does not mean that Plaintiff's appeal was not given full consideration, though a full written opinion is not warranted. This is not a case where the merits of the appeal were impeded by the lack of effective assistance of an attorney, *see* Evitts v. Lucey, *supra*, or the lack of a transcript, *see* Griffin v. Illinois, 351 U.S. 12, 20, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956). The intermediate courts of appeal in Florida have the record from the trial court and the merits of the appeal are fully argued. *See* Lonyem v. U.S. Atty. Gen., 352 F.3d 1338, 1342 (11th Cir. 2003) (noting that in an immigration appeal,[2] "[t]he fact that a single BIA member issued an affirmance without opinion (AWO) does not demonstrate that he did not review the facts of [petitioner's] case."). Plaintiff, here, fails to present a due process claim by the issuance of per curiam opinions by the Florida District Courts of Appeal.

The secondary due process or First Amendment claims are likewise without merit. There is no statutory right in Florida to have an appeal heard in the Florida Supreme Court when seeking review from either a per curiam affirmance (PCA) without written opinion, or per curiam denial of relief (PCD) without written opinion. *See* The

---

[2] In the context of immigration appeals, the Eleventh Circuit has held that it does not deny due process for the Board of Immigration appeals to issuance an "affirmance without opinion." Gonzalez-Oropeza v. U.S. Atty. Gen., 321 F.3d 1331, 1333-34 (11th Cir. 2003) (finding no entitlement to a full opinion).

Florida Star v. B.J.F., 530 So.2d 286 (Fla. 1988).  "It was never intended that the district courts of appeal should be intermediate courts."  Jenkins v. State, 385 So.2d 1356, 1357 (Fla. 1980).  The district courts of appeal were intended to exercise "final appellate jurisdiction" and there is no state created right to second plenary appeals.  Stallworth v. Moore, 827 So.2d 974, 975 (Fla. 2002), *citing* Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla. 1998).  The Florida Supreme Court is a court of limited jurisdiction which "extends only to the narrow class of cases enumerated in Article V, Section 3(b) of the Florida Constitution."  Gandy v. State, 846 So.2d 1141, 1143 (Fla. 2003).  Accordingly, Plaintiff is not denied due process or any First Amendment right by the inability to seek review in the Florida Supreme Court.  Florida is entirely free not to grant a right of appeal.  McKane v. Durston, *supra*.   Plaintiff has had access to the court, but he is not guaranteed *continued* access.

Finally, Plaintiff has improperly named the Governor of the State of Florida as the Defendant.  Under Fla. Const. Art. II, § 2(a), the Florida Supreme Court has exclusive rule-making authority and the Governor does not have authority to direct the manner in which state appellate courts issue decisions.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and

recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 9, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**